27812.00A2O3/tlt/Document #: 772940

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| PHILLIP WELDIN, | ) | **FILED: MAY 01, 2008** |
| Plaintiff, | ) | **08CV2492   AEE** |
| | ) | Civil Action No. **JUDGE GRADY** |
| v. | ) | **MAGISTRATE JUDGE COLE** |
| | ) | **NOTICE OF REMOVAL OF** |
| BAUSCH & LOMB, INCORPORATED | ) | **DEFENDANT BAUSCH & LOMB, INC.** |
| | ) | |
| Defendant. | ) | |

PLEASE TAKE NOTICE that defendant Bausch & Lomb, Inc. ("Bausch & Lomb"),

through undersigned counsel, hereby removes the above-captioned action from the Circuit Court

of Cook County, Illinois to the United States District Court for the Northern District of Illinois,

Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and respectfully states:

1.      This case is one of several lawsuits involving allegations of fungal keratitis

infections among users of Bausch & Lomb's ReNu with MoistureLoc contact lens solution in the

United States.  An MDL proceeding was created on August 14, 2006 and Bausch & Lomb seeks

transfer of this action to that multidistrict litigation, *MDL-1785 In Re Bausch & Lomb Inc.*

*Contact Lens Solution Products Liability Litigation.*

2.      On or about April 3, 2008, Phillip Weldin ("Plaintiff") commenced this action

against Bausch & Lomb by filing a Complaint at Law ("Complaint" or "Compl.") in the Circuit

Court of Cook County, County Department, Law Division bearing number 2008 L 003083.

3.      As more fully set out below, this case is properly removed to this Court pursuant

to 28 U.S.C. § 1441, because Bausch & Lomb has satisfied the procedural requirements for

removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## I.   BAUSCH & LOMB HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

4.   The Summons and Complaint was served on Bausch & Lomb on April 1, 2008. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

5.   The Circuit Court of Cook County, County Department, Law Division is located within the Northern District of Illinois, Eastern Division. Therefore, venue is proper pursuant to 28 U.S.C. § 89(c) because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

6.   No previous application has been made for the relief requested herein.

7.   Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the defendant, which papers include the summonses and petitions, is attached as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff and a copy is being filed with the clerk of the Circuit Court of Cook County, County Department, Law Division.

8.   On April 24, 2008, Bausch & Lomb filed its appearance, a jury demand, answer and defenses to Plaintiff's Complaint with the Circuit Court of Cook County, County Department, Law Division, attached hereto as Exhibit B.

## II.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 and 1441.

### A.   <u>Diversity of Citizenship</u>

9.     Plaintiff is a resident of the State of Illinois.  Plaintiff has not alleged any alternative state of residence.  Accordingly, Illinois is the state in which Plaintiff is domiciled and, therefore, the state of which Plaintiff is a citizen for purposes of determining diversity.

10.     Bausch & Lomb is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of New York with its principal place of business at One Bausch & Lomb Place, Rochester, New York, and therefore, is a citizen of New York for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

11.     Thus, the plaintiff and defendant are diverse.

**B.     The Amount-in-Controversy Requirement is Satisfied**

12.     Plaintiff in this case alleges that Bausch & Lomb "engaged in the manufacture, bottling, packaging, and distribution for sale to members of the general public. . . .a solution commonly known as ReNu with MoistureLoc, that this solution "caused and/or provided a favorable environment for bacteria, viruses, or fungi thereby causing infections and/or injury," and that the product was not reasonably safe when it left the possession of Bausch & Lomb. (Comp. ¶¶ 2, 9, 10).

13.     Plaintiff alleges three separate claims for relief:  strict liability (Count I), ordinary negligence (Count II), and breach of implied warranties under the Uniform Commercial Code (Count III).  Based on these allegations, Plaintiff seeks several forms of relief, including actual damages in excess of $50,000 for each count.  Given the description of the alleged injuries and the nature of the relief sought, the amount in controversy by this litigation exceeds $150,000.

WHEREFORE, Defendant Bausch & Lomb Incorporated respectfully removes this action from the Circuit Court of Cook County, County Department, Law Division, bearing number 2008 L 003083 to this Court pursuant to 28 U.S.C. § 1441.

Dated this 1st day of May, 2008.

                         Respectfully submitted,

                         BAUSCH & LOMB INCORPORATED


                         s/ C. Barry Montgomery
                         C. Barry Montgomery, ARDC#9145351
                         WILLIAMS MONTGOMERY & JOHN LTD.
                         Attorney for Defendant Bausch & Lomb
                         20 North Wacker Drive, Suite 2100
                         Chicago, Illinois 60606
                         (312) 443-3200 / Fax:  (312) 630-8500

Brent G. Filbert (*admitted pro hac vice*)
Greta A. McMorris (*admitted pro hac vice*)
SHOOK HARDY & BACON LLP
2555 Grand Boulevard
Kansas City, Missouri 64108
(816) 474-6550

27812.00A2O3/tlt/Document #: 772942

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

PHILLIP WELDIN,              )
           Plaintiff,      )     Civil Action No.
                    )
       v.              )
                    )
BAUSCH & LOMB, INCORPORATED  )
           Defendant.      )

### CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

I hereby certify that I have mailed by United States Postal Service the document to the following:

Kevin W. O'Connor
Collison & O'Connor Ltd.
19 South LaSalle Street
Chicago, Illinois 60603

Respectfully submitted,

BAUSCH & LOMB INCORPORATED

s/ C. Barry Montgomery
C. Barry Montgomery, ARDC#9145351
WILLIAMS MONTGOMERY & JOHN LTD.
Attorney for Defendant Bausch & Lomb
20 North Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 443-3200 / Fax: (312) 630-8500

Brent G. Filbert (*admitted pro hac vice*)
Greta A. McMorris (*admitted pro hac vice*)
SHOOK HARDY & BACON LLP
2555 Grand Boulevard
Kansas City, Missouri 64108
(816) 474-6550

2120-Served                     2121-Served
2220-Not Served                 2221-Not Served
2320-Served by Mail             2320-Served by Mail
2420-Served by Publication      2420-Served by Publication
SUMMONS          ALIAS SUMMONS                  2-81)CCG-1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

(Name all parties)            )      2008L003083
PHILLIP WELDIN,               )      CALENDAR/ROOM X
                              )      TIME 00:00
                   Plaintiff, )      Product Liability
                              )
                              )
          V.                  )   NO.
                              )
                              )   **PLEASE SERVE:**
BAUSCH & LOMB INCORPORATED,   )
                              )   BAUSCH & LOMB INCORPORATED
                   Defendant. )   C/O C T CORPORATION SYSTEM
                              )   SUITE 814
                              )   208 S. LASALLE STREET
                                  CHICAGO, ILLINOIS 60604

### SUMMONS

To each defendant:

    YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room 801, Chicago, Illinois 60602), within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.**

To the officer:
    This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned to indorsed. This summons may not be served later than 30 days after its date.

WITNESS_____, 20____

_____
Clerk of Court

Date of service:_____, 20___
(To be inserted by officer on copy left with
defendant or other person)

Atty No. 43057
Name:  COLLISON & O'CONNOR, LTD.
Attorney for Plaintiff
Address:  15TH FLOOR, 19 S. LASALLE ST.
City:  Chicago, Illinois  60603
Telephone:  (312) 229-1560

    DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY
Law Division Room 801
Chancery-Divorce Division Room 802
County Division Room 801
Probate Division Room 1202



DEFENDANT'S
EXHIBIT
A

| | |
|---|---|
| 2120-Served | 2121-Served |
| 2220-Not Served | 2221-Not Served |
| 2320-Served by Mail | 2320-Served by Mail |
| 2420-Served by Publication | 2420-Served by Publication |
| SUMMONS          ALIAS SUMMONS | 2-81)CCG-1 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

No. 008L003083
CALENDAR/ROOM X
TIME 00:00
Product Liability

(Name all parties)

PHILLIP WELDIN,

                Plaintiff,

    V.

BAUSCH & LOMB INCORPORATED,

              Defendant.

)
)
)
)
)
)
)
)
)
)

NO.

**PLEASE SERVE:**

BAUSCH & LOMB INCORPORATED
C/O C T CORPORATION SYSTEM
SUITE 814
208 S. LASALLE STREET
CHICAGO, ILLINOIS 60604

### SUMMONS

To each defendant:

    YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room 801, Chicago, Illinois 60602), within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.**

To the officer:

    This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned to indorsed. This summons may not be served later than 30 days after its date.

MAR 14 2008

WITNESS_____, 20___

_____
                        Clerk of Court

Date of service:_____, 20___
        (To be inserted by officer on copy left with
                defendant or other person)

Atty No. 43057
Name:  COLLISON & O'CONNOR, LTD.
Attorney for Plaintiff
Address:  15TH FLOOR, 19 S. LASALLE ST.
City:  Chicago, Illinois  60603
Telephone:  (312) 229-1560

        DOROTHY  BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

Law Division Room 801
Chancery-Divorce Division Room 802
County Division Room 801
Probate Division Room 1202

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

RECEIVED
APR 0 3 2008
Law Department

| | | |
|---|---|---|
| PHILLIP WELDIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) No. | 2008L003083 |
| | ) | CALENDAR/ROOM X |
| BAUSCH & LOMB INCORPORATED, | ) | TIME 00:00 |
| | ) | Product Liability |
| Defendant. | ) | |

## COMPLAINT AT LAW

### Count I – Strict Liability

NOW COMES the Plaintiff, PHILIP WELDIN, by and through his attorneys,

COLLISON & O'CONNOR, and complaining of the defendant, BAUSCH & LOMB

INCORPORATED, alleges as follows:

1.      That on or about March 21, 2006, and for a long time prior to that date and

all relevant times, defendant BAUSCH & LOMB INCORPORATED was a New York

Corporation registered to do business in the city of Chicago, County of Cook, State of

Illinois, and was engaged in the business of manufacturing for the ultimate sale to

members of the general public, eye care products, eye care solutions, and contact lens

care products, including a solution commonly known as ReNu with MoistureLoc.

2.      That on and prior to March 21, 2006, and at all relevant times, defendant

BAUSCH & LOMB INCORPORATED, was engaged in the manufacture, bottling,

packaging, and distribution for sale to members of the general public, eye care and

contact lens products, including a solution commonly known as ReNu with MoistureLoc.

3.      That prior to March 21, 2006, defendant BAUSCH & LOMB

INCORPORATED manufactured, distributed, and shipped certain bottles of the ReNu

with MoistureLoc solution which defendant transported to Chicago, Illinois, County of
Cook and the surrounding suburbs.

4.      That at the time the aforesaid ReNu with MoistureLoc left the control of
the Defendant, BAUSCH & LOMB INCORPORATED, and at all relevant times herein,
it did not bear a warning, nor did the defendant otherwise warn the ReNu with
MoistureLoc provided a favorable environment for bacteria, viruses, or fungi which
causes infections and/or injury among contact wearers and/or users for general eye care
and was therefore defective and unreasonably dangerous.

5.      That on or around March 5, 2006 Plaintiff, PHILIP WELDIN, purchased a
container of ReNu with MoistureLoc.

6.      That on or around March 21, 2006, Plaintiff PHILIP WELDIN was a
contact wearer who engaged in the use of eye care and contact lens care products
manufactured by defendant BAUSCH & LOMB INCORPORATED, including the
solution commonly known as ReNu with MoistureLoc.

7.      On or around March 21, 2006, Plaintiff, PHILIP WELDIN, developed eye
injuries related to the unreasonably dangerous condition of the ReNu with MoistureLoc
solution and thereby became notified of the defective condition of the aforesaid ReNu
with MoistureLoc at said time.

8.      That the aforesaid ReNu with MoistureLoc reached the Plaintiff, PHILIP
WELDIN, without substantial change to the condition in which it was designed,
manufactured, sold, or otherwise distributed and placed in the stream of commerce for
ultimate sale to members of the public.

9.     That at the time the ReNu with MoistureLoc was manufactured, the solution was not reasonably safe for its intended use in that it caused and/or provided a favorable environment for bacteria, viruses, or fungi thereby causing infections and/or injury.

10.    That by reason of the foregoing, the solution was not reasonably safe for its intended use at the time it left the possession of the defendant, BAUSCH & LOMB INCORPORATED.

11.    That was a direct and proximate cause of the unreasonably dangerous condition of the ReNu with MoistureLoc solution and the conduct of the defendant as aforesaid, the Plaintiff, PHILIP WELDIN, in using the solution manufactured by defendant BAUSCH & LOMB INCORPORATED, was thereby injured internally, externally and otherwise, both temporarily and permanently; and Plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which time he suffered or will suffer great pain and was hindered and prevented from attending to his business and affairs, and thereby sustained the loss of earnings, gains, or profits; plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE plaintiff, PHILIP WELDIN, demands judgment against the defendant, BAUSCH & LOMB INCORPORATED in an amount exceeding $50,000.00.

3

## Count II - Ordinary Negligence

NOW COMES the Plaintiff, PHILIP WELDIN, by and through his attorneys, COLLISON & O'CONNOR, and complaining of the defendant, BAUSCH & LOMB INCORPORATED, alleges as follows:

1-10.    Plaintiff adopts and re-alleges Paragraphs 1 through 10, inclusive, of Count I, as Paragraphs 1 through 10, inclusive, of this Count II, as through fully restated herein.

11.    That at all relevant times herein, Plaintiff, PHILIP WELDIN, was in the exercise of ordinary care for his own safety.

12.    That at the time the aforesaid container of ReNu with MoistureLoc solution left the control of the defendant, BAUSCH & LOMB INCORPORATED, the defendant owed a duty to exercise reasonable care in the design, manufacture, sale and distribution of the aforesaid container of ReNu with MoistureLoc solution and its contents so that the aforesaid container of ReNu with MoistureLoc solution and its contents were not unreasonably dangerous when used by the general public, including the Plaintiff.

13.    That at the time and place aforesaid and at all relevant times herein, the defendant, BAUSCH & LOMB INCORPORATED, was negligent in one or more of the following ways:

    a.    failed to design a product free or substantially free of bacteria, viruses, or fungi which cause infections and/or injury among contact wearers and/or general eye care users and was unsuitable for human use;

    b.    failed to design a container which would ensure that the product would not be contaminated by bacteria, viruses, or fungi unsuitable for human use;

4

c.    failed to design, implement, test, or maintain a manufacturing process which would ensure that the aforesaid eye care product would not be contaminated by or would otherwise promote bacteria, viruses, or fungi unsuitable for human use;

d.    manufactured an eye care product which contained or otherwise promoted bacteria, viruses, or fungi unsuitable for human use;

e.    failed to manufacture an eye care product which would reach the ultimate consumer free from bacteria, viruses, or fungi unsuitable for human use;

f.    failed to warn of the presence in or possibility of the presence of bacteria, viruses, or fungi unsuitable for human use in the aforesaid product; and

g.    was otherwise negligent in placing the aforesaid eye care product in the stream of commerce.

14.    That as a direct and proximate result of the condition of the container of ReNu with MoistureLoc solution and the conduct of the defendant, BAUSCH & LOMB INCORPORATED, the Plaintiff, PHILIP WELDIN, was thereby injured internally, externally and otherwise, both temporarily and permanently; and Plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which time he suffered or will suffer great pain and was hindered and prevented from attending to his business and affairs, and thereby sustained the loss of divers earnings, gains or profits; and Plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE plaintiff, PHILIP WELDIN, demands judgment against the defendant, BAUSCH & LOMB INCORPORATED in an amount exceeding $50,000.00.

## Count III - Implied Warranties Under the Uniform Commercial Code

NOW COMES the Plaintiff, PHILIP WELDIN, by and through his attorneys, COLLISON & O'CONNOR, and complaining of the defendant, BAUSCH & LOMB INCORPORATED, alleges as follows:

1-10.  Plaintiff adopts and re-alleges Paragraphs 1 through 10, inclusive, of Count I, as Paragraphs 1 through 10, inclusive, of this Count III, as through fully restated herein.

11.     That at all relevant times herein, the defendant BAUSCH & LOMB INCORPORATED, did impliedly warrant the ReNu with MoistureLoc solution and its contents were of merchantable quality pursuant to the applicable provisions of the Uniform Commercial Code.

12.     That at the aforesaid time, the defendant, BAUSCH & LOMB INCORPORATED, did breach the aforesaid implied warranty in that the aforesaid container of ReNu with MoistureLoc solution and its contents were not of merchantable quality.

13.     That as a direct and proximate result of the aforesaid breach of implied warranty, the Plaintiff, PHILIP WELDIN, was injured, and was thereby injured internally, externally and otherwise, both temporarily and permanently; and Plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which time he suffered or will suffer great pain and was hindered and prevented from attending to his business and affairs, and thereby sustained the loss of divers earnings, gains or profits; and Plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE Plaintiff, PHILIP WELDIN, demands judgment against the

defendant, BAUSCH & LOMB INCORPORATED in an amount exceeding $50,000.00.


COLLISON & O'CONNOR, LTD.

BY: _____
KEVIN W. O'CONNOR


COLLISON & O'CONNOR - 43057
Kevin O'Connor
19 South LaSalle Street
Chicago, Illinois 60603
(312) 229-1560 (t)
(312) 332-4629 (f)

7

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| PHILLIP WELDIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| BAUSCH & LOMB INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

## **AFFIDAVIT**

Under penalty of perjury, I, KEVIN W. O'CONNOR, state that the total of money

damages sought in the above-captioned case exceeds FIFTY THOUSAND AND OO/100

($50,000.00) DOLLARS.

_____
KEVIN W. O'CONNOR

COLLISON & O'CONNOR, LTD.
15TH FLOOR
19 SOUTH LASALLE STREET
CHICAGO, ILLINOIS 60603
(312)229-1560

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION

PHILLIP WELDIN                 )
                                  )
      Plaintiffs,         )
                                  )
      vs.                  )     No. 08 L 003083
                                  )
BAUSCH & LOMB, INCORPORATED,   )
                                  )
      Defendants.        )

DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

2008 APR 24 PM 3:51

FILED

### NOTICE OF FILING

To:    Kevin W. O'Connor
       Collison & O'Connor Ltd.
       19 South LaSalle Street
       Chicago, Illinois  60603

     YOU ARE HEREBY NOTIFIED that on _April 24th_, 2008, there was filed with the Clerk of the Circuit Court of Cook County, Illinois, **Defendant Baush & Lomb, Incorporated's Appearance and Jury Demand,** a copy of which is attached hereto.

C. Barry Montgomery
Bradley C. Nahrstadt
WILLIAMS, MONTGOMERY & JOHN LTD.
Attorneys for Defendant
20 North Wacker Drive, Suite 2100
Chicago, IL  60606
312-443-3200

     I certify that I served this Notice by mailing a copy to each person to whom it is directed at the addresses above indicated by depositing it in the U. S. Mail at 20 North Wacker Drive, Chicago, Illinois, on _April 24th_, 2008, with proper postage prepaid.

                       _Eileen M. McKann_



DEFENDANT'S
EXHIBIT
B

PENGAD 800-631-6989

CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COPY

emm/Document #: 771261            #04933

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| PHILLIP WELDIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 L 003083 |
| | ) | |
| BAUSCH & LOMB, INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

**\*APPEARANCE AND JURY DEMAND**

     The undersigned, as attorney, enters the appearance of the defendant <u>BAUSCH &
LOMB, INC.,</u>

     \*Defendant demands trial by jury.

***Williams Montgomery & John Ltd.***
WILLIAMS MONTGOMERY & JOHN LTD.

Name: Williams Montgomery & John Ltd.
Attorney for: Defendant Bausch & Lomb, Inc.
Address: 20 North Wacker Drive
City: Chicago, Illinois 60606
Telephone: 312-443-3227
Insurance Company:
Atty No.: 04933

     \*Strike demand for trial by jury if not applicable.

     I certify that a copy of the within instrument was served on all parties who have appeared
and have not heretofore been found by the Court to be in default for failure to plead.

Attorney for Bausch & Lomb, Inc.

2781200/emm/Document #: 772900                                          #04933

## IN THE CIRCUIT COURT OF COOK COUNTY
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| PHILLIP WELDIN | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )  No. 08 L 003083 |
| | ) |
| BAUSCH & LOMB, INCORPORATED, | ) |
| | ) |
| Defendants. | ) |

COPY

FILED 2008 APR 30 PM 3: 52
DOROTHY BROWN
CLERK OF THE CIRCUIT
OF COOK COUNTY COURT

### NOTICE OF FILING

To:   Kevin W. O'Connor
      Collison & O'Connor Ltd.
      19 South LaSalle Street
      Chicago, Illinois 60603

YOU ARE HEREBY NOTIFIED that on **April 30, 2008**, there was filed with the Clerk of the Circuit Court of Cook County, Illinois, **Answer and Defenses of Bausch & Lomb, Incorporated to Plaintiff's Complaint at Law,** a copy of which is attached hereto.

C. Barry Montgomery
Bradley C. Nahrstadt
WILLIAMS, MONTGOMERY & JOHN LTD.
Attorneys for Defendant
20 North Wacker Drive, Suite 2100
Chicago, IL 60606
312-443-3200

I certify that I served this Notice by mailing a copy to each person to whom it is directed at the addresses above indicated by depositing it in the U. S. Mail at 20 North Wacker Drive, Chicago, Illinois, on **April 30, 2008**, with proper postage prepaid.

_Bradley C. Nahrstadt_

CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COPY

2781200A2O3                                                        #04933

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

PHILLIP WELDIN,                          )
                                         )
            Plaintiff,                   )
                                         )
      vs.                                )    Case No.: 08 L 003083
                                         )
BAUSCH & LOMB, INCORPORATED,             )
                                         )
            Defendant                    )

## ANSWER AND DEFENSES OF BAUSCH & LOMB INCORPORATED TO PLAINTIFF'S COMPLAINT AT LAW

Defendant Bausch & Lomb Incorporated, for its Answer to Plaintiff's Complaint at Law ("Complaint"), states as follows:

### Count I - Strict Liability

1.      Bausch & Lomb admits that it is incorporated in the State of New York and has its principal place of business in Rochester, New York, and that it conducts business in the State of Illinois. Bausch & Lomb further admits that it designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed ReNu® with MoistureLoc® for use in accordance with its FDA-approved labeling, and subject to the indications, precautions, warnings, and contraindications contained therein. Bausch & Lomb denies all remaining allegations in paragraph 1 of Count I of the Complaint.

2.      Bausch & Lomb admits that it designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed ReNu® with MoistureLoc® for use in accordance with its FDA-approved labeling, and subject to the indications, precautions, warnings, and contraindications contained therein. Bausch & Lomb denies all remaining allegations in paragraph 2 of Count I of the Complaint.

3.      Bausch & Lomb admits that it designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed ReNu® with MoistureLoc® for use in accordance with its FDA-approved labeling, and subject to the indications, precautions, warnings, and contraindications contained therein, and that ReNu® with MoistureLoc® was sold in the State of Illinois.  Bausch & Lomb denies all remaining allegations in paragraph 3 of Count I of the Complaint.

4.      Bausch & Lomb denies the allegations in paragraph 4 of Count I of the Complaint.

5.      Bausch & Lomb is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of Count I of the Complaint and therefore denies the same.

6.      Bausch & Lomb is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of Count I of the Complaint and therefore denies the same.

7.      Bausch & Lomb denies the allegations in paragraph 7 of Count I of the Complaint.

8.      Bausch & Lomb is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of Count I of the Complaint and therefore denies the same.

9.      Bausch & Lomb denies the allegations in paragraph 9 of Count I of the Complaint.

10.     Bausch & Lomb denies the allegations in paragraph 10 of Count I of the Complaint.

2

11.     Bausch & Lomb denies the allegations in paragraph 11 of Count I of the Complaint.

Bausch & Lomb admits that Plaintiff seeks the relief requested in the unnumbered "WHEREFORE" paragraph following paragraph 11 of Count I of the Complaint, but specifically denies that Plaintiff is entitled to any relief.

### Count II – Ordinary Negligence

1-10.     Bausch & Lomb incorporates by reference its responses to the above paragraphs as if fully set forth herein.

11.     Bausch & Lomb is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of Count II of the Complaint and therefore denies the same.

12.     Bausch & Lomb states that paragraph 12 of Count II of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Bausch & Lomb admits only to those duties as are imposed by law.  Bausch & Lomb denies all remaining allegations in paragraph 12 of Count II of the Complaint.

13.     Bausch & Lomb denies the allegations in paragraph 13 of Count II of the Complaint, including all subparts.

14.     Bausch & Lomb denies the allegations in paragraph 14 of Count II of the Complaint.

Bausch & Lomb admits that Plaintiff seeks the relief requested in the unnumbered "WHEREFORE" paragraph following paragraph 14 of Count II of the Complaint, but specifically denies that Plaintiff is entitled to any relief.

3

## Count III - Implied Warranties Under the Uniform Commercial Code

1-10.    Bausch & Lomb incorporates by reference its responses to the above paragraphs as if fully set forth herein.

11.    Bausch & Lomb states that paragraph 11 of Count III of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Bausch & Lomb admits only to those warranties as are imposed by law.  Bausch & Lomb denies all remaining allegations in paragraph 11 of Count III of the Complaint.

12.    Bausch & Lomb denies the allegations in paragraph 12 of Count III of the Complaint.

13.    Bausch & Lomb denies the allegations in paragraph 13 of Count III of the Complaint.

Bausch & Lomb admits that Plaintiff seeks the relief requested in the unnumbered "WHEREFORE" paragraph following paragraph 13 of Count III of the Complaint, but specifically denies that Plaintiff is entitled to any relief.

## GENERAL DENIAL

Bausch & Lomb denies all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained

## PREAMBLE TO AFFIRMATIVE DEFENSES

Bausch & Lomb reserves the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.

## AFFIRMATIVE AND OTHER DEFENSES

1.    The Complaint fails to state a claim upon which relief may be granted against Bausch & Lomb.

4

2.      Bausch & Lomb states that the contact lens solution that it designs, manufactures, and distributes is free from all defects at the time it leaves the care, custody, and control of Bausch & Lomb and is reasonably fit for its intended and reasonably anticipated use and was marketed with adequate and sufficient warnings.

3.      All contact lens solution that is designed, manufactured, and distributed by Bausch & Lomb meets all applicable Food and Drug Administration standards.

4.      If Bausch & Lomb is deemed to be the manufacturer of the subject contact lens solution, either factually or legally, then Bausch & Lomb would show at the time the contact lens solution left its care, custody, and control, Bausch & Lomb did not know and, in light of then-existing, reasonably available scientific and technological knowledge, could not have known of the design characteristic that allegedly caused Plaintiff's loss and/or damage or the danger of such characteristic, nor could Bausch & Lomb have known of any alternative design that may be identified by Plaintiff.

5.      The contact lens solution of Plaintiff complied with state-of-the-art technology at the time of manufacture and at the time of original retail sale.

6.      Plaintiff lacks standing to assert claims under the Complaint because he has alleged no cognizable injury.

7.      The claims of Plaintiff are barred, in whole or in part, by the economic loss doctrine.

8.      The claims of Plaintiff may be barred, in whole or in part, by the doctrine of assumption of risk.

9.      The claims of Plaintiff may be barred, in whole or in part, by the applicable statute(s) of limitations and/or repose.

10.    The claims of Plaintiff may be barred, in whole or in part, by Plaintiff's failure to mitigate damages.

11.    The claims of Plaintiff may be barred, in whole or in part, because the manufacturing, labeling, packaging, and advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state and any agency thereof.

12.    The claims of Plaintiff may be barred because Plaintiff lacks privity with Bausch & Lomb and/or failed to provide the requisite and/or timely notice to Bausch & Lomb of any claimed breach of warranty.

13.    Plaintiff may have misused the contact lens solution involved in this case.

14.    There is no causal relationship between Bausch & Lomb's conduct and the injuries and damages alleged by Plaintiff in the Complaint.

15.    The claims of Plaintiff may be barred, in whole or in part, by the doctrine of laches, waiver, and/or estoppel.

16.    The claims of Plaintiff may be barred, in whole or in part, from recovery on the grounds that they are subject to the defense of accord and satisfaction.

17.    The claims of Plaintiff may be barred, in whole or in part, from recovery on the grounds that Bausch & Lomb has discharged its obligations to Plaintiff.

18.    The claims of Plaintiff may be barred, in whole or in part, from recovery by the doctrine of unclean hands.

19.    The claims of Plaintiff may be barred, in whole or in part, from recovery due to spoliation of evidence.

6

20.    The claims of Plaintiff may be barred, in whole or in part, because the advertisements, if any, and labeling with respect to the product were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

21.    The claims of Plaintiff are preempted, in whole or in part, by federal law.

22.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Bausch & Lomb's rights under the United States Constitution and analogous provisions of the Illinois Constitution.

23.    To the extent that Plaintiff seeks punitive damages, without qualification or limitation, this claim violates Bausch & Lomb's due process under the United States Constitution and similar provisions of the Constitution, law and public policy of Illinois.

24.    Plaintiff is not entitled to punitive damages against Bausch & Lomb pursuant to the facts as alleged in the Complaint.

25.    Imposition of punitive damages against Bausch & Lomb in this case would contravene the Commerce Clause of the United States Constitution in that such an award, if imposed, would constitute an undue and unreasonable burden on interstate commerce.

26.    Plaintiff's claim for punitive damages cannot be sustained to the extent it seeks to punish Bausch & Lomb for alleged harm to non-parties and/or persons who are not before the Court.  Imposition of punitive damages under such circumstances would violate Bausch & Lomb's procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution and Bausch & Lomb's due process and equal protection rights under cognate provisions of the Illinois

7

Constitution, and would be improper under the common law and public policies of the United States and State of Illinois.

27.    Losses, if any, to Plaintiff are subject to an offset for benefits received by Plaintiff resulting from the alleged use of ReNu® with MoistureLoc®.

28.    The claims of Plaintiff may be barred, in whole or in part, from recovery by Plaintiff's misuse and/or abuse of the allegedly defective contact lens solution, and/or by Plaintiff's otherwise contributorily or comparatively negligent conduct.

29.    The claims of Plaintiff may be barred, in whole or in part, as a result of any alteration made in the allegedly defective contact lens solution.

30.    The claims of Plaintiff may be barred, in whole or in part, from recovery because the alleged problems in the contact lens solution involved an intervening cause or was attributable, in whole or in part, to a cause other than the contact lens solution defect alleged in the Complaint.

31.    Bausch & Lomb is entitled to credit for any settlement of claims for alleged injuries and damages made by Plaintiff with any other defendant or other person or entity.

32.    The claims asserted in the Complaint are barred as a matter of law pursuant to Restatement (Second) of Torts § 402A, comments j & k.

33.    This Court should abstain from adjudicating Plaintiff's claims relating to warnings and labeling in deference to the interpretation of regulations relating to labeling by the FDA.

34.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention, in that the common law gives deference to discretionary actions by the United States

8

Food and Drug Administration pursuant to the Food, Drug and Cosmetic Act, and the Medical Device Amendments thereto.

35.    The claims asserted in the Complaint are barred as a matter of law pursuant to Restatement (Third) of Torts: Product Liability § 4, *et seq.*, because ReNu® with MoistureLoc® complied with applicable product safety statutes and administrative regulations.

36.    Plaintiff may be barred, in whole or in part, from recovery due to res judicata, collateral estoppel, or by release of claims.

37.    The claims set forth in the Complaint are barred because Plaintiff's alleged injuries and damages, if any, are the result of Plaintiff's own idiosyncratic or allergic reaction(s) to ReNu® with MoistureLoc® for which Bausch & Lomb cannot be held responsible.

38.    Plaintiff's claims should be dismissed and or transferred due to improper and/or inconvenient venue.

WHEREFORE, Bausch & Lomb prays that the Court determine and adjudge:

(a)    that the Complaint, and all claims alleged therein, be dismissed with prejudice,

(b)    that Bausch & Lomb be awarded the costs, disbursements and attorneys' fees incurred in the defense of this action, and

(c)    that Bausch & Lomb be awarded such other and further relief as the Court may deem proper.


BAUSCH & LOMB INCORPORATED

By: C. Barry Montgomery
     Counsel for Defendant

9

C. Barry Montgomery
Bradley C. Nahrstadt
Claire L. Lunardini
WILLIAMS MONTGOMERY & JOHN LTD.
20 North Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 443-3200
#04933

Brent G. Filbert (*admitted pro hac vice*)
Greta A. McMorris (*admitted pro hac vice*)
SHOOK HARDY & BACON LLP
2555 Grand Boulevard
Kansas City, Missouri 64108
(816) 474-6550

Doc ID#: 772838