27812.00A2O3/tlt/Document #: 777150

# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

PHILLIP WELDIN,        )

             Plaintiff,        )        Civil Action No. 1:08-cv-2492

                       )

            v.            )

                       )

BAUSCH & LOMB, INCORPORATED    )

                       )

            Defendant.      )

## DEFENDANT BAUSCH & LOMB INCORPORATED'S UNOPPOSED MOTION TO STAY ALL PROCEEDINGS PENDING DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION AND MEMORANDUM OF LAW IN SUPPORT

Defendant Bausch & Lomb Incorporated ("Bausch & Lomb"), hereby moves this Court for an order staying all proceedings in this product liability/personal injury action pending the transfer of this case to the United States District Court for the District of South Carolina (MDL No. 1785, *In re Bausch & Lomb, Inc. Contact Lens Solution Products Liability Litigation*) for coordinated pretrial proceedings.

As set forth in the incorporated memorandum of law, this is one of over 300 overlapping product liability/personal injury actions that are pending in, or will be removed to, federal district courts that involve allegations of health risks from Bausch & Lomb's contact lens solution ReNu® with MoistureLoc®. At the request of certain plaintiffs and Bausch & Lomb, the Judicial Panel on Multi-District Litigation instituted an MDL proceeding for ReNu® with MoistureLoc® cases in the United States District Court for the District of South Carolina. A stay of all proceedings in this case would thus

serve the interest of judicial economy and would ensure consistent rulings on pretrial issues. Absent a stay, this Court would expend judicial resources supervising pretrial proceedings and making rulings in a case over which it will likely soon lose jurisdiction, and Bausch & Lomb would be significantly and unfairly prejudiced because it would be required to engage in duplicative discovery and motion practice. For these reasons, Bausch & Lomb respectfully requests that its motion for stay be granted.

Defendant's counsel certifies that Plaintiff's counsel has been contacted with respect to the subject matter of this motion and that Plaintiff's counsel Kevin O'Connor stated that he does not oppose a stay pending a decision regarding transfer of this matter to the MDL Court.

## MEMORANDUM OF LAW

### BACKGROUND

Plaintiff in this case seeks to recover damages for personal injuries he allegedly suffered as a result of using ReNu® with MoistureLoc® contact lens solution. (See Plaintiff's Complaint "Compl.", incorporated herein by reference). Plaintiff asserts claims for strict liability, ordinary negligence, and implied warranties under the Uniform Commercial Code (See Compl.). Bausch & Lomb removed this case to this Court on May 1, 2008.

This case is one of over 300 product liability/personal injury actions that are either pending in or will be removed to federal courts around the country involving alleged health risks arising from the use of ReNu® with MoistureLoc®. Each case raises overlapping factual allegations about the safety of ReNu® with MoistureLoc® and

asserts similar causes of action to recover for alleged personal injuries and/or economic losses.

On May 4, 2006, certain plaintiffs who sued Bausch & Lomb over allegations involving ReNu® with MoistureLoc® filed a Motion for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407 with the Judicial Panel on Multidistrict Litigation ("JPML" or "MDL Panel").  On August 14, 2006, the JPML designated the United States District Court for the District of South Carolina as the MDL Court.  *See* JPML Transfer Order dated August 14, 2006 (attached as Ex. A).  To date, 10 cases[1] pending before district judges in the Northern and Central Districts of Illinois, have been stayed and transferred to the MDL Court.

## ARGUMENT

"[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997).  In considering whether to grant a motion for stay, district courts generally review two factors:  (1) whether a stay will

---

[1]    The other cases in the Northern District and Central District of Illinois are: *Schroeder v. Bausch & Lomb Incorporated*, No. 07-C-4894 (N.D. Ill., Eastern Division); *Van Arsdale v. Bausch & Lomb Incorporated*, No. 07-CV-1064 (N.D. Ill., Eastern Division);  *Wall v. Bausch & Lomb Incorporated*, No. 07-CV-5601 (N.D. Ill., Eastern Division); *Zielinski v. Bausch & Lomb Incorporated*, No. 07-CV-2010 (N.D. Ill., Eastern Division);  *Berberet v. Bausch & Lomb Incorporated*, No. 07-CV-3238 (C.D. Ill., Springfield Division); *Brown v. Bausch & Lomb Incorporated*, No. 06-CV-3261 (N.D. Ill., Eastern Division);  *Dorich v. Bausch & Lomb Incorporated*,  No. 06-CV-2702 (N.D. Ill., Eastern Division); *Green v. Bausch & Lomb Incorporated*, No. 07-CV-1357 (N.D. Ill., Eastern Division);  *McKenna v. Bausch & Lomb Incorporated*, No. 06-CV-4976 (N.D. Ill., Eastern Division); *Schafer v. Bausch & Lomb Incorporated*, No. 06-CV-2701 (N.D. Ill., Eastern Division).

promote judicial economy and consistency; and (2) whether either party would be prejudiced by the grant or denial of a stay. *See, e.g., Rivers*, 980 F. Supp. at 1360.

## A.   Judicial Economy And Consistency Of Rulings Favor Granting A Stay

First, a stay is appropriate in this case because it would promote coordination of the ReNu® with MoistureLoc® cases and eliminate the potential for conflicting pretrial rulings. *See, e.g., In re New York City Mun. Sec. Litig.*, 572 F.2d 49, 51-52 (2d Cir. 1978); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998); *In re Air Crash Disaster off Long Island, N.Y.*, 965 F. Supp. 5, 7 (S.D.N.Y. 1997). If the cases at issue proceeded in transferor courts around the country pending the transfer of the cases to the MDL Court, those courts would duplicate each others' work, and could reach inconsistent rulings on overlapping motions. For this reason, the majority of courts have stayed proceedings pending MDL transfer in these circumstances. *Rivers*, 980 F. Supp. at 1362, 1360-61 (noting that an MDL conserves judicial resources in two ways: first, if the case is consolidated, "the Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge," and second, "any efforts on behalf of this Court concerning case management will most likely have to be replicated" by the MDL court); *U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. Civ. A 3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002) ("by granting the stay, the Court will avoid the unnecessary waste of judicial resources if the MDL Motion is ultimately granted. If the MDL Motion is granted, all of the Court's time, energy, and acquired knowledge regarding this action and its pretrial procedures will be wasted."); *American Seafood, Inc. v. Magnolia Processing*,

1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) (granting stay because "[t]his Court's rulings on [class certification and dismissal] motions may conflict with the decisions of the Northern District of Mississippi which has in front of it similar motions.   The result is that the defendants may be forced to prosecute or defend similar motions twice and the decisions of this Court and the Northern District may be in conflict. . . .   [J]udicial economy and prejudice to the defendants weigh heavily in favor of the stay."); *In re Ivy,* 901 F.2d 7, 9 (2d Cir. 1990) (consolidating motions to remand in the MDL Court allows for uniformity and judicial economy in determining jurisdictional issues).   Granting a stay would avoid the risk of inconsistent rulings regarding jurisdictional and other issues, and prevent the waste of judicial resources.

**B.**      **Without A Stay, Bausch & Lomb Will Be Unnecessarily Prejudiced While Plaintiff Will Suffer Minimal Or No Prejudice**

In addition to the waste of judicial resources inherent in proceeding with this action prior to the transfer of this case, Bausch & Lomb would be substantially prejudiced by duplicative discovery and motion practice if a stay were not put in place. *See American Seafood,* 1992 WL 102762, at *2 (prejudice to the defendants weighs heavily in favor of a stay); *Arthur-Magna, Inc. v. Del-Val Financial Corp.,* 1991 WL 13725, at *1 (D. NJ Feb. 1, 1991) (even where non-moving party claims that a stay will cause delay and prejudice, "there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay").

Coordinating the litigation would enable Bausch & Lomb to respond to discovery in a comprehensive fashion without having to duplicate efforts.   "[I]f separate discovery were to go forward, much work would be duplicated."   *Id.*   Similarly,

coordinated proceedings would avoid the need for duplicative briefing on various motions (*e.g.*, motions to dismiss, motions to amend) that are likely to be filed in the actions.

In contrast, a stay will not prejudice the legitimate interests of Plaintiff. Any delay in the preliminary proceedings in this case would be both brief and offset by the benefits of coordinated discovery and motion practice after all of the overlapping lawsuits are transferred to a single court. *See, e.g., Rivers*, 980 F. Supp. at 1362 (discounting any prejudice to the non-moving party in the time between issuing the stay and the MDL Panel's consideration of the motion). In short, Plaintiff will not be prejudiced by a stay of proceedings in this Court, and considerations of judicial economy and the risk of inconsistent rulings outweigh the possibility of such prejudice.

## **CONCLUSION**

For the foregoing reasons, Bausch & Lomb respectfully requests this Court to stay all proceedings in this matter pending a determination by the MDL Panel on whether to coordinate pretrial proceedings in this and related cases.

Respectfully submitted,


s/ Bradley C. Nahrstadt
Bradley C. Nahrstadt, ARDC No. 6210713
C. Barry Montgomery, ARDC No. 9145351
Claire L. Lunardini, ARDC No. 6272176
WILLIAMS MONTGOMERY & JOHN LTD.
Attorneys for Defendant Bausch & Lomb
20 North Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 443-3200 / Fax: (312) 630-8500

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2008, I electronically filed the foregoing Unopposed Motion to Stay All Proceedings Pending Decision by the Judicial Panel on Multidistrict Litigation and Memorandum of Law in Support with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Kevin W. O'Connor
Collison & O'Connor Ltd.
19 South LaSalle Street
Chicago, Illinois 60603

s/ Bradley C. Nahrstadt
Bradley C. Nahrstadt, ARDC No. 6210713
C. Barry Montgomery, ARDC No. 9145351
Claire L. Lunardini, ARDC No. 6272176
WILLIAMS MONTGOMERY & JOHN LTD.
Attorneys for Defendant Bausch & Lomb
20 North Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 443-3200 / Fax: (312) 630-8500

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 4 2006

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1785*

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE BAUSCH & LOMB INC. CONTACT LENS SOLUTION PRODUCTS LIABILITY LITIGATION

## BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,* KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation currently consists of ten actions as follows: two actions in the Eastern District of New York, and one action each in the Middle District of Florida, the Southern District of Florida, the Western District of Louisiana, the Northern District of Mississippi, the Southern District of New York, the Western District of Pennsylvania, the District of Rhode Island, and the District of South Carolina as listed on the attached Schedule A.[1] Plaintiffs in four actions move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Eastern District of New York, the Western District of Louisiana or the Southern District of Florida. Plaintiff in the Middle District of Florida action filed a second motion seeking Section 1407 centralization in either the Middle or Southern District of Florida. No responding party opposes centralization; the parties disagree, however, regarding the selection of a transferee district. Defendant Bausch & Lomb, Inc. (B&L) supports transfer to the Western District of New York or, alternatively, the District of South Carolina. Plaintiff in a potential tag-along action in the Eastern District of California supports transfer to the Southern District of West Virginia. Plaintiff in a Southern District of California potential tag-along action supports transfer to either the Western District of Louisiana or the District of Puerto Rico. Plaintiff in the District of Rhode Island action supports transfer to the Middle District of Florida. Plaintiff in a Southern District of Florida potential tag-along action supports transfer to the Southern District of Florida. Plaintiffs in two potential tag-along actions pending, respectively, in the Middle and Southern

---

* Judge Miller did not participate in the decision of this matter.

[1] The Section 1407 motion, as originally filed, also pertained to an additional action that was then pending in the Eastern District of New York. Subsequently that action was voluntarily dismissed, thus mooting the question of Section 1407 transfer with respect to that action. Additionally, the Panel has been notified of 41 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).



DEFENDANT'S
EXHIBIT

- 2 -

Districts of Florida support transfer to either of those districts. Plaintiffs in the Northern District of Mississippi action and a potential tag-along action in the Eastern District of Pennsylvania support transfer to the Eastern District of Pennsylvania. Plaintiffs in two potential tag-along actions in the District of Puerto Rico support transfer to the District of Puerto Rico. Plaintiff in the District of South Carolina action supports transfer to the District of South Carolina. Plaintiff in a Central District of California potential tag-along action supports transfer to the Central or Southern District of California. Plaintiff in a Southern District of Indiana potential tag-along action supports transfer to the Southern District of Indiana or, alternatively, the Eastern District of New York.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of South Carolina will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions concern the B&L lens care solution ReNu with MoistureLoc, which B&L withdrew from the market after its use was reported to be associated with a certain type of eye infection, fungal keratitis. Among other things, these actions share factual allegations regarding  i) the development, testing, manufacturing and marketing of Renu with MoistureLoc; and ii) B&L's knowledge concerning Renu with MoistureLoc's alleged adverse effects, in particular, the potential for this product to cause fungal keratitis. All actions seek damages for personal injury and/or economic injury on behalf of users of ReNu with MoistureLoc (several actions are brought on behalf of a putative nationwide class), and assert various state law claims, such as negligence, products liability, breach of warranties, and negligent and/or fraudulent misrepresentation. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The Panel is persuaded that the District of South Carolina is an appropriate transferee district for this litigation. Relevant discovery may be found in this district, inasmuch as B&L has a manufacturing facility located there. Moreover, transfer to the District of South Carolina provides a logical situs in regard to the geographic dispersal of the constituent and potential tag-along actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of South Carolina are transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable David C. Norton for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

MDL-1785 -- In re Bausch & Lomb Inc. Contact Lens Solution Products Liability Litigation

### Middle District of Florida

*Helen Hreen v. Bausch & Lomb, Inc.*, C.A. No. 8:06-735

### Southern District of Florida

*Jacqueline Wartmann v. Bausch & Lomb, Inc.*, C.A. No. 0:06-60532

### Western District of Louisiana

*Marcia Lamarche v. Bausch & Lomb, Inc.*, C.A. No. 6:06-669

### Northern District of Mississippi

*Joan Lesley v. Bausch & Lomb, Inc.*, C.A. No. 1:06-132

### Eastern District of New York

*Kimberly A. Beskin v. Bausch & Lomb, Inc.*, C.A. No. 1:06-1749
*Mary Joyce Bedwell, et al. v. Bausch & Lomb, Inc.*, C.A. No. 1:06-1858

### Southern District of New York

*Nelson Huie v. Bausch & Lomb, Inc.*, C.A. No. 1:06-2911

### Western District of Pennsylvania

*Ryan Gregg v. Bausch & Lomb, Inc.*, C.A. No. 2:06-554

### District of Rhode Island

*Barbara M. Cavallaro v. Bausch & Lomb, Inc.*, C.A. No. 1:06-205

### District of South Carolina

*Jennifer A. Kohn v. Bausch & Lomb, Inc.*, C.A. No. 2:06-1321